IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHRISTOPHER MAXWELL,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL NO. 06-451-GPM |
| | ) |
| **VILLAGE OF SAUGET, ILLINOIS, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

# **MEMORANDUM AND ORDER**

**MURPHY, Chief District Judge:**

This matter is before the Court on the motion to dismiss brought by Defendants Village of Sauget, Illinois, Richard Sauget, Jr., Patrick Delaney, and Scott Hedgpeth (Doc. 23). For the following reasons, the motion is **GRANTED in part** and **DENIED in part**.

### INTRODUCTION

This case arises from an incident that occurred on June 11, 2004, in which Plaintiff Christopher Maxwell, while being placed under arrest by Scott Hedgpeth, a police officer employed by the Village of Sauget, Illinois ("the Village"), allegedly was assaulted by Hedgpeth. On June 9, 2006, Maxwell filed this action against Hedgpeth, the Village, Richard Sauget, Jr., who is the mayor of the Village, and Patrick Delaney, who is the chief of the Village police department. The operative complaint in this case (Doc. 17) alleges claims for violations of Maxwell's federal civil rights, as well as claims under Illinois state law. Count I of the complaint alleges use of unreasonable force by Hedgpeth, in violation of Maxwell's Fourth Amendment rights, and Count II and Count III allege that Hedgpeth violated Maxwell's First Amendment rights by retaliating against him for complaining about police misconduct; Count VIII asserts that the Village is liable for these alleged

constitutional deprivations because they were the result of a municipal policy or custom. Count IV alleges that the Village, Sauget, Delaney, and Hedgpeth conspired to violate Maxwell's First Amendment rights. Count V and Count VI allege, respectively, assault and battery and intentional infliction of emotional distress against Hedgpeth, while Count IX alleges a claim for negligent hiring, supervision, and retention of police officers against the Village, Sauget, and Delaney. Count VII alleges a civil conspiracy by the Village, Sauget, Delaney, and Hedgpeth. Count X asserts the vicarious liability of the Village for the torts of Hedgpeth, Sauget, and Delaney. The Village, Sauget, Delaney, and Hedgpeth have moved to dismiss Counts II-X of the complaint for failure to state a claim upon which relief can be granted. Having carefully reviewed the submissions of the parties and conducted a hearing on the motion, the Court now is prepared to rule.

### DISCUSSION

    **A.**    **Legal Standard**

The standard under which the Court must evaluate a motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is well established. A Rule 12(b)(6) motion challenges the legal sufficiency of a plaintiff's complaint to state a claim upon which relief may be granted. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326-27 (7th Cir. 2000); *Antonelli v. Sheahan*, 81 F.3d 1422, 1427 (7th Cir. 1996). In evaluating a Rule 12(b)(6) motion, a court must take a plaintiff's factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *See Hentosh v. Herman M. Finch Univ. of Health Scis./The Chicago Med. Sch.*, 167 F.3d 1170, 1173 (7th Cir. 1999); *Strasburger v. Board of Educ., Hardin County Cmty. Unit Sch. Dist. No. 1*, 143 F.3d 351, 359 (7th Cir. 1998). A complaint should be dismissed for failure to state a claim only if "no relief could be granted 'under any set of facts that could be proved consistent

with the allegations.'" *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

### B. Motion to Dismiss

#### 1. Federal Civil Rights Claims

##### a. Fourth Amendment Claims

The Court examines first the claims for violations of Maxwell's constitutional rights alleged in the complaint. The parties do not dispute, and the Court concludes, that Count I of the complaint, alleging that Hedgpeth subjected Maxwell to unreasonable force when arresting him, properly alleges a violation of Maxwell's Fourth Amendment rights. *See Graham v. Conner*, 490 U.S. 386, 395 (1989) ("[A]ll claims that law enforcement officers have used excessive force – deadly or not – in the course of an arrest, investigatory stop, or other . . . seizure . . . of a free citizen should be analyzed under the Fourth Amendment[.]") (emphasis omitted). *See also Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 511-12 (2002) (federal civil rights claims are subject to an ordinary "notice pleading" standard, not a heightened pleading standard); *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168-69 (1993) (same); *Walker v. Thompson*, 288 F.3d 1005, 1010-11 (7th Cir. 2002) (Ripple, J., concurring) (same).[1]

---

1. Although it is not entirely clear from both Maxwell's complaint and his brief in opposition to the motion to dismiss whether he asserts an implied right of action under the Constitution, the Court construes all of Maxwell's civil rights claims as being brought pursuant to 42 U.S.C. § 1983, which is the exclusive remedy for the constitutional deprivations alleged in Maxwell's complaint. *See Parratt v. Taylor*, 451 U.S. 527, 532 (1981) (quoting 42 U.S.C. § 1983) (section 1983 furnishes civil liability for any "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" when any person "under color of any statute, ordinance, regulation, custom, or usage of any State or Territory" causes such a deprivation). *See also General Auto Serv. Station v. City of Chicago*, No. 00 C 0368, 2004 WL 442636, at *6 n.7 (N.D. Ill. Mar. 9, 2004) (section 1983 is the exclusive remedy for a deprivation of constitutional rights by a person acting under color of state law); *Norflo Holding Corp. v. City of Chicago*, No. 00 C 6208, 2002 WL 453605, at *1 n.1 (N.D. Ill.

Although a somewhat closer question, the Court concludes further that Count VIII of the complaint adequately alleges that the injury to Maxwell's Fourth Amendment rights asserted in Count I was the product of the Village's unconstitutional policy or custom. *See Monell v. Department of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690-91 (1978) (liability under 42 U.S.C. § 1983 is not vicarious, and a municipality may be liable under the statute only for constitutional injuries that are the result of a municipal policy or custom); *Simmons v. Chicago Bd. of Educ.*, 289 F.3d 488, 494 (7th Cir. 2002) (same); *Baxter v. Vigo County Sch. Corp.*, 26 F.3d 728, 734-35 (7th Cir. 1994) (same). *See also Adams v. Cahokia Sch. Dist. #187*, Civil No. 05-297-GPM, 2007 WL 172227, at *4 n.1, *7 (S.D. Ill. Jan. 19, 2007). Maxwell's allegations of municipal liability are somewhat conclusory, but the parties have not strongly disputed their adequacy to state a claim under *Monell* and, thus, the Court is reluctant to scrutinize them strictly under Rule 12(b)(6). *See Ricketts v. Midwest Nat'l Bank*, 874 F.2d 1177, 1185 (7th Cir. 1989); *Shockley v. Jones*, 823 F.2d 1068, 1072-73 (7th Cir. 1987); *Doe v. St. Joseph's Hosp. of Fort Wayne*, 788 F.2d 411, 414-15 (7th Cir. 1986). In any event, Maxwell's municipal liability claim can be examined more closely on summary judgment. *See, e.g., Hauenschild v. City of Harvey, Ill.*, No. 04 C 7814, 2006 WL 3523754, at **6-8 (N.D. Ill. Dec. 7, 2006); *Hare v. Zitek*, 414 F. Supp. 2d 834, 860-62 (N.D. Ill. 2005); *Caines v. Village of Forest Park*, No. 02 C 7472, 2003 WL 21518558, at *5 (N.D. Ill. July 2, 2003). Accordingly, Count I and Count VIII withstand Defendants' motion to dismiss.

---

Mar. 25, 2002) (same); *Universal Outdoor, Inc. v. Elk Grove Village*, 969 F. Supp. 1124, 1125 (N.D. Ill. 1997) (same); *Ellis v. Secretary of State of Ill.*, 883 F. Supp. 291, 293-94 (N.D. Ill. 1995) (same); *Allen v. City of Chicago*, 828 F. Supp. 543, 563 (N.D. Ill. 1993) (same); *Bieneman v. City of Chicago*, 662 F. Supp. 1297, 1299-1300 (N.D. Ill. 1987) (same).

### b.      First Amendment Claims

Although Maxwell has stated a claim for relief for violations of his Fourth Amendment rights, as well as a claim of municipal liability therefor, the Court concludes that Maxwell's claims based upon violations of his First Amendment rights are due to be dismissed. The gist of Maxwell's allegations is that, when he complained during his arrest by Hedgpeth that his handcuffs were too tight, Hedgpeth tightened the handcuffs and beat him. In general, to establish a claim for retaliation in violation of the First Amendment, a plaintiff must show that (1) he or she engaged in constitutionally-protected conduct and (2) such conduct was a substantial or motivating factor behind the allegedly retaliatory acts. *See Ashman v. Barrows*, 438 F.3d 781, 784 (7th Cir. 2006); *Sullivan v. Ramirez*, 360 F.3d 692, 697-98 (7th Cir. 2004); *Thomas v. Walton*, 461 F. Supp. 2d 786, 795 (S.D. Ill. 2006). In the context of persons in custody, protected speech must be speech relating to a matter of public concern. *See McElroy v. Lopac*, 403 F.3d 855, 858 (7th Cir. 2005); *Baldauf v. Davidson*, No. 1:04-CV-1571-JDT-TAB, 2006 WL 3743819, at *18 (S.D. Ind. Dec. 18, 2006); *Clark v. Stevenson*, No. 06-C-419-C, 2006 WL 2380658, at *7 (W.D. Wis. Aug. 15, 2006); *Sulkowska v. City of N.Y.*, 129 F. Supp. 2d 274, 286 n.22 (S.D.N.Y. 2001). This is because state actors have in some instances a legitimate interest in abridging the speech of persons in their custody and, absent the public speech requirement, all such abridgments would be elevated to the level of constitutional violations. *See Connick v. Myers*, 461 U.S. 138, 149 (1983) (holding that, to show retaliation in violation of the First Amendment, a public employee must demonstrate that his or her speech relates to a matter of public concern: "To presume that all matters which transpire within a government office are of public concern would mean that virtually every remark – and certainly every criticism directed at a public official – would plant the seed of a constitutional case.").

The Court concludes that Maxwell's allegations that Hedgpeth inflicted violence on him for complaining about the tightness of his handcuffs lack the requisite public dimension and can be addressed adequately under the rubric of a Fourth Amendment claim for use of unreasonable force. *See Sulkowska*, 129 F. Supp. 2d at 286 n.22 (holding that a plaintiff's claim that she was arrested for complaining about the seizure of her liquor license by police did not involve a matter of public concern for First Amendment purposes). *Cf. Baldauf*, 2006 WL 3743819, at *18 (a plaintiff's claim that she was arrested for criticizing the local police department in a public forum, a convenience store, involved a matter of public concern). Therefore, Count II and Count III of the complaint will be dismissed. Because the Court concludes that Maxwell has failed to state a claim for retaliation, it follows that Sauget and Delaney did not conspire to violate Maxwell's First Amendment rights. *See Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988) (noting that "the function of conspiracy doctrine is merely to yoke particular individuals to the specific torts charged in the complaint."). Thus, Count IV of the complaint will be dismissed as well.[2]

### 2. State-Law Claims

The Court turns to the matter of Maxwell's state-law claims. As discussed, the incident giving rise to this case occurred on June 11, 2004, but Maxwell did not file suit until June 9, 2006. The applicable statute of limitations for claims under 42 U.S.C. § 1983 is two years. *See Kalimara v. Illinois Dep't of Corr.*, 879 F.2d 276, 276-77 (7th Cir. 1989); *Foryoh v. Hannah-Porter*,

---

2. The Court notes that, in general, a municipal corporation like the Village cannot conspire with its own agents, Hedgpeth, Delaney, and Sauget. *See Travis v. Gary Cmty. Mental Health Ctr., Inc.*, 921 F.2d 108, 109-11 (7th Cir. 1990); *Dombrowski v. Dowling*, 459 F.2d 190, 196 (7th Cir. 1972); *Emery v. Northeast Ill. Reg'l Commuter R.R. Corp.*, No. 02 C 9303, 2003 WL 22176077, at *4 (N.D. Ill. Sept. 18, 2003). Because the parties have not raised the issue of intracorporate immunity, however, the Court does not dismiss Count IV of the complaint on this ground.

428 F. Supp. 2d 816, 819 (N.D. Ill. 2006). However, as both the answer in this case and the motion to dismiss point out, Maxwell's state-law claims are subject to a one-year statute of limitations. The Illinois Local Governmental and Governmental Employees Tort Immunity Act provides, in pertinent part, "No civil action . . . may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued." 745 ILCS 10/8-101(a). *See also Evans v. City of Chicago*, 434 F.3d 916, 934 (7th Cir. 2006); *Foster v. Unknown Cook County Deputy Sheriff*, 914 F. Supp. 221, 223-24 (N.D. Ill. 1995); *Valentino v. Hilquist*, 785 N.E.2d 891, 900-01 (Ill. App. Ct. 2003); *Krieger v. Village of Carpentersville*, 289 N.E.2d 481, 482 (Ill. App. Ct. 1972). Affirmative defenses are not usually resolved at the pleading stage, but a plaintiff's claims may be disposed of under Rule 12(b)(6) if the complaint contains facts which demonstrate that those claims are barred by the statute of limitations. *See Walker*, 288 F.3d at 1009-10; *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995); *Tregenza v. Great Am. Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993); *Jimenez v. Herrera*, No. 95 C 1956, 1996 WL 99715, at *5 (N.D. Ill. Mar. 4, 1996); *EEOC v. Park Ridge Pub. Library*, 856 F. Supp. 477, 480 (N.D. Ill. 1994). *See also Estate of Blue v. County of Los Angeles*, 120 F.3d 982, 984 (9th Cir. 1997).

Under Illinois law, a plaintiff's claim accrues for purposes of the statute of limitations when all of the elements of a cause of action are present. *See MC Baldwin Fin. Co. v. DiMaggio, Rosario & Veraja, LLC*, 845 N.E.2d 22, 30 (Ill. App. Ct. 2006); *Wolf v. Bueser*, 664 N.E.2d 197, 204 (Ill. App. Ct. 1996); *Draper v. Frontier Ins. Co.*, 638 N.E.2d 1176, 1180 (Ill. App. Ct. 1994); *Lincoln-Way Cmty. High Sch. Dist. 210 v. Village of Frankfort*, 367 N.E.2d 318, 323 (Ill. App. Ct. 1977). Illinois recognizes, of course, the "discovery rule," whereby the statute of limitations does

not begin to run until a plaintiff knows or reasonably should know of a wrongfully-caused injury. *See, e.g., Hermitage Corp. v. Contractors Adjustment Co.*, 651 N.E.2d 1132, 1139 (Ill. 1995); *Knox Coll. v Celotex Corp.*, 430 N.E.2d 976, 979-80 (Ill. 1981); *D.P. v. M.J.O.*, 640 N.E.2d 1323, 1326 (Ill. App. Ct. 1994); *Walters v. Marion Mem'l Hosp.*, 577 N.E.2d 915, 917-18 (Ill. App. Ct. 1991). However, the discovery rule does not apply in cases where the injury at issue is the result of a "single traumatic event." *Ericksen v. Village of Willow Springs*, 660 N.E.2d 62, 66 (Ill. App. Ct. 1995). *See also Walters*, 577 N.E.2d at 917-18 ("If the injury is traumatic in nature, that is, immediate and caused by an external force or violence, the plaintiff knows or should know of his right to sue when injured."). In such cases, the plaintiff is deemed to be on immediate notice of the wrongful nature of the injury and under a duty promptly to investigate the injury. *See Golla v. General Motors Corp.*, 657 N.E.2d 894, 899 (Ill. 1995); *Lowe v. Ford Motor Co.*, 730 N.E.2d 58, 60 (Ill. App. Ct. 2000); *Clay v. Kuhl*, 696 N.E.2d 1245, 1249-50 (Ill. App. Ct. 1998); *Hutson v. Hartke*, 686 N.E.2d 734, 736-37 (Ill. App. Ct. 1997); *Ericksen*, 660 N.E.2d at 66; *Sille v. McCann Constr. Specialties Co.*, 638 N.E.2d 676, 680 (Ill. App. Ct. 1994); *Sharpenter v. Lynch*, 599 N.E.2d 464, 467-68 (Ill. App. Ct. 1992); *Walters*, 577 N.E.2d at 918; *Nordsell v. Kent*, 510 N.E.2d 606, 608-09 (Ill. App. Ct. 1987).

In view of the nature of the injury alleged in this case, an assault by a police officer, the Court has no difficulty concluding that Maxwell's claims for assault and battery, intentional infliction of emotional distress, and negligent hiring, supervision, and retention of Village police officers accrued no later than June 11, 2004, and thus are time-barred under 745 ILCS 10/8-101(a). This conclusion is amply supported by case law. *See Day v. Conwell*, 244 F. Supp. 2d 961, 964-65 (N.D. Ill. 2003); *Dominguez v. City of Waukegan*, No. 01 C 1701, 2001 WL 686842, at *2 (N.D. Ill.

June 15, 2001); *Geddes v. County of Kane*, 121 F. Supp. 2d 662, 666 (N.D. Ill. 2000); *Turner v. McQuarter*, 79 F. Supp. 2d 911, 918 (N.D. Ill. 1999); *Finnane v. Pentel of Am., Ltd.*, 43 F. Supp. 2d 891, 901-04 (N.D. Ill. 1999); *Henry v. Ramos*, No. 97 C 4025, 1997 WL 610781, at *3 (N.D. Ill. Sept. 28, 1997); *Burge v. Harvey Police Officers*, No. 97 C 4569, 1997 WL 610045, at **1-2 (N.D. Ill. Sept. 25, 1997); *Watkins v. Brandt*, No. 94 C 7452, 1996 WL 450835, at **2-4 (N.D. Ill. Aug. 6, 1996); *Dirksen v. City of Springfield*, 842 F. Supp. 1117, 1125 (C.D. Ill. 1994); *Phelps v. Klipfel*, No. 91 C 4742, 1991 WL 285279, at **1-3 (N.D. Ill. Dec. 26, 1991); *Yardley v. Rockford*, No. 89 C 20007, 1990 WL 32665, at *2 (N.D. Ill. Feb. 1, 1990).

Finally, although Maxwell contends that Count VII of his complaint, alleging civil conspiracy against the Village, Sauget, Delaney, and Hedgpeth, is rescued from the statute of limitations by the "continuing violation" doctrine, the Court does not agree. The continuing violation doctrine provides generally that "[w]here a tort involves continuing or repeated injury … the statute of limitations does not begin to run until the date of the last injury or when the tortious acts cease." *Mount v. LaSalle Bank Lake View*, 886 F. Supp. 650, 652 (N.D. Ill. 1995) (quoting *Hyon Waste Mgmt. Servs., Inc. v. City of Chicago*, 574 N.E.2d 129, 132 (Ill. App. Ct. 1991)). *See also Dudley Enters., Inc. v. Palmer Corp.*, 822 F. Supp. 496, 505 (N.D. Ill. 1993). In the particular context of a claim of civil conspiracy, this means that "[t]he statute of limitations . . . runs from the commission of the last overt act alleged to have caused damage." *Austin v. House of Vision, Inc.*, 243 N.E.2d 297, 299 (Ill. App. Ct. 1968). Importantly, however, "where there is but one overt act from which subsequent damages may flow, . . . the statute begins to run on the date the defendant invaded the plaintiff's interest and inflicted injury, and this is so despite the continuing nature of the conspiracy." *Id*. *See also MBL (USA) Corp. v. Diekman*, 484 N.E.2d 371, 376 (Ill. App. Ct. 1985).

*Cf. Scherer v. Balkema*, 840 F.2d 437, 439 (7th Cir. 1988) (in the context of a *Bivens* action, explaining that "[i]njury and damage in a civil conspiracy action flow from the overt acts, not from . . . the mere continuance of a conspiracy . . . . Consequently, the cause of action runs separately from each overt act that is alleged to cause damage to the plaintiff . . . . Accordingly, plaintiffs may recover only for the overt acts . . . that they specifically alleged to have occurred within the . . . limitations period."). The only overt act described in Maxwell's complaint is the alleged assault on him that occurred on June 11, 2004, and therefore Maxwell's civil conspiracy claim is time-barred under 745 ILCS 10/8-101(a). The Court will dismiss Maxwell's state-law claims, including his claims against the Village based on vicarious liability for the torts of Hedgpeth, Sauget, and Delaney.

## CONCLUSION

The motion to dismiss (Doc. 23) is **GRANTED in part** and **DENIED in part**. Dismissal of Count II, Count III, Count IV, Count V, Count VI, Count VII, Count IX, and Count X of the operative complaint in this case (Doc. 17) is **GRANTED**. Dismissal of Count I and Count VIII is **DENIED**. Count II, Count III, Count IV, Count V, Count VI, Count VII, Count IX, and Count X are **DISMISSED with prejudice**, and Defendants Richard Sauget, Jr., and Patrick Delaney are **DISMISSED** from this case.

   IT IS SO ORDERED.

   DATED: 02/05/07

                                              s/ G. Patrick Murphy
                                              G. PATRICK MURPHY
                                              Chief United States District Judge